UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| GHISLAINE PAUL, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 17-1222 (ABJ) |
| GOVERNMENT OF THE DISTRICT OF COLUMBIA, *et al.*, | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Plaintiff Ghislaine Paul, proceeding *pro se*, brought this action against the District of Columbia, the Attorney General of the District of Columbia, and D.C.'s Office of Risk Management ("ORM"). She claims that defendants were negligent and that they violated the District's workers' compensation laws, D.C. Code § 32-1501 *et seq.*, in connection with an injury she suffered sixteen years ago while working as a public-school teacher.[1] Compl. [Dkt. # 1] at 4. Plaintiff also asserts civil rights claims under 42 U.S.C. § 1983 and several other federal and D.C. statutes. *Id.* at 2. She seeks damages "believed to be the sum of ten thousand dollars . . . per day for each day that treatment was denied beginning on May 3, 2002." *Id.* at 4. Defendants have moved to dismiss plaintiff's complaint on the grounds that the negligence claim is time-barred, the

---

1  Because the complaint makes no allegations against the Attorney General and ORM is *non sui juris*, the Court dismisses them from this suit and considers only those allegations made against the District of Columbia. *See Crowder v. Bierman, Geesing, and Ward LLC*, 713 F. Supp. 2d 6, 8 (D.D.C. 2010) (dismissing defendants against whom no allegations were made in the complaint); *Does I through III v. District of Columbia*, 238 F. Supp. 2d 212, 222 (D.D.C. 2002) (dismissing claims against agency because the "law is clear that agencies and departments within the District of Columbia government are not suable as separate entities") (internal quotation marks and citations omitted); *see also Paul v. Didizian*, 292 F.R.D. 151, 151 n.1 (D.D.C. 2013) (holding ORM is *non sui juris*).

workers' compensation claim is precluded by *res judicata*, and the complaint fails to state federal claims. *See generally* Mot. to Dismiss [Dkt. # 10] ("Defs.' Mot."); Defs.' Mem. of P. & A. in Supp. of Defs.' Mot. [Dkt. # 10] ("Defs.' Mem."). Plaintiff has opposed the motion. *See generally* Pl.'s Mem. in Opp. to Defs.' Mot. [Dkt. # 12] ("Pl.'s Opp."). Upon consideration of the parties' submissions, the relevant authorities, and the record as a whole, the Court will grant defendants' motion to dismiss plaintiff's lawsuit.

## BACKGROUND

The Court will do its best to summarize the relevant factual and procedural history in this case, which spans sixteen years and includes multiple administrative and court proceedings. The Court relies on plaintiff's pleadings, although they were somewhat scattershot and unclear, as well as public records from previous proceedings. *See EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997) (stating that the court may take into account "matters of . . . judicial notice" in addition to the pleadings); *Donelson v. U.S. Bureau of Prisons*, 82 F. Supp. 3d 367, 371 (D.D.C. 2015) (noting that, in evaluating a motion to dismiss, "[t]he court may take judicial notice of another court's proceedings"), citing *Jenson v. Huerta*, 828 F. Supp. 2d 174, 179 (D.D.C. 2011). The facts taken from plaintiff's complaint must be accepted as true for purposes of a motion to dismiss. *See Atherton v. D.C. Office of the Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009), citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Plaintiff, a resident of Maryland, worked as a teacher at Francis Junior High School in the District of Columbia public school system. Compl. at 1, 3. On May 3, 2002, plaintiff was struck on the head by a "large, heavy, framed map which had fallen over." *Id.* at 3. She claims that the incident caused her bodily injury and ongoing physical and psychological suffering. *Id.*

Plaintiff applied for, and was granted, disability benefits under ORM's Disability Compensation Program ("DCP") on August 20, 2002. Compl. at 3. In 2004, plaintiff's benefits were terminated because she failed to attend vocational rehabilitation training required by the program. *Paul*, 292 F.R.D. at 152. But plaintiff's benefits were restored on November 29, 2006, after she administratively challenged the termination. *Id*. The following year, on May 16, 2007, plaintiff underwent a medical examination by Dr. Noubar Didizian. *Id.* Dr. Didizian produced a report that allegedly resulted in plaintiff's benefits being terminated a second time on October 15, 2007. *Id.*

Plaintiff challenged the termination of her disability benefits again, resulting in a full evidentiary hearing before an Administrative Law Judge ("ALJ") in the Administrative Hearings Division ("AHD") of the District of Columbia Department of Employment Services. *Ghislaine Paul*, 2008 WL 731335 (D.C. Dep't of Emp't Servs. Feb. 6, 2008) ("2008 Compensation Order"). The issue in that proceeding was the "nature and extent of [c]laimant's disability," and the ALJ concluded that "claimant's work-injury has resolved" after she received extensive medical treatment, and that "she [was] capable of returning to her pre-injury employment." 2008 Compensation Order at 1–2.

Accordingly, the ALJ issued a Compensation Order on February 6, 2008, denying plaintiff's claim for relief and reinstatement of benefits. 2008 Compensation Order at 3–4. This decision was upheld by DCP's Compensation Review Board, which found that the decision was supported by substantial evidence and denied plaintiff's request to remand her case for a new hearing. *See* Ex. 1 to Defs.' Mem. [Dkt. # 10] ("AHD 2009 Order") at 1. Plaintiff then appealed the Compensation Review Board's decision to the District of Columbia Court of Appeals, which

granted summary affirmance, denied plaintiff's motion to recall the mandate, and made the underlying Compensation Order final on May 4, 2009. *Id.*

Plaintiff's quest did not end there. She filed appeals with the Administrative Hearings Division on May 21, 2009 and May 27, 2009, that amounted to a motion to reinstate and reconsider and schedule a new hearing. *See* AHD 2009 Order at 1. On August 11, 2009, this motion was denied under the doctrine of *res judicata* because the 2008 Compensation Order was recognized as a final judgment on the merits that precluded relitigation. *Id*. at 2.

Not satisfied, plaintiff next sought relief in federal court. On October 1, 2010, she filed suit in the U.S. District Court for the Eastern District of Virginia against the District of Columbia and Dr. Didizian, alleging that Dr. Didizian's examination amounted to medical malpractice. *Paul*, 292 F.R.D. at 152. The suit was transferred to the U.S. District Court for the District of Columbia, where it was dismissed for lack of subject matter jurisdiction. *Paul v. Didizian*, 819 F. Supp. 2d 31, 35–36 (D.D.C. 2011) (holding that diversity jurisdiction was missing between plaintiff and Dr. Didizian because both were citizens of Pennsylvania at the time and that "vague and unexplained references" to federal rights in a "rambling" complaint were insufficient to establish federal question jurisdiction). Plaintiff appealed that ruling, and on April 11, 2012, the U.S. Court of Appeals for the District of Columbia Circuit summarily affirmed the district court's decision. *Paul v. Didizian*, No. 11-7139, 2012 WL 1450083 (D.C. Cir. Apr. 11, 2012).

But plaintiff pressed on. On July 20, 2012, she filed a second lawsuit in the U.S. District Court for the District of Columbia against the District of Columbia government and Dr. Didizian, alleging medical malpractice and violations of several federal statutes in connection with the termination of her benefits. *Paul*, 292 F.R.D. at 152. The court granted the District's motion to dismiss for insufficient service of process. *Id.* at 158. It also granted Dr. Didizian's motion to

dismiss for failure to assert a claim within the statute of limitations, and denied plaintiff's motion to reopen and consolidate. *Id.* at 157–58.

Finally, plaintiff initiated this action, her third federal lawsuit, on April 4, 2017, in the U.S. District Court for the District of Maryland, which transferred the case to this Court because venue was improper there. Order [Dkt. # 6] ("Transfer Order") at 4. The court reasoned that all defendants are District of Columbia residents and a "substantial part of the events or omissions giving rise to the claims" occurred in the District of Columbia, not Maryland. *Id.* at 3–4. "Therefore, regardless whether jurisdiction is based on diversity or federal question, venue is proper in the District of Columbia, but not Maryland." *Id.* at 4.

On September 8, 2017, defendants moved to dismiss plaintiff's lawsuit pursuant to Rule 12(b)(6), Defs.' Mot. at 1; Defs.' Mem. at 1. Plaintiff opposed the motion on October 18, 2017, Pl.'s Opp., and defendants filed their reply on October 27, 2017. Defs.' Reply Mem. of P. & A. in Supp. of Defs.' Mot. [Dkt. # 14].

## STANDARD OF REVIEW

In evaluating a motion to dismiss under Rule 12(b)(6), the Court must "treat the complaint's factual allegations as true and must grant plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'" *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000) (internal citations omitted), quoting *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979); *see also Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011), quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005). Nevertheless, the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). "To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In *Iqbal*, the Supreme Court reiterated the two principles underlying its decision in *Twombly*: "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[s]econd, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 678–79.

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, citing *Twombly*, 550 U.S. at 556. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*, quoting *Twombly*, 550 U.S. at 556. A pleading must offer more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action," *id.*, quoting *Twombly*, 550 U.S. at 555, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, citing *Twombly*, 550 U.S. at 555.

Where the action is brought by a *pro se* plaintiff, a district court has an obligation "to consider his filings as a whole before dismissing a complaint," *Schnitzler v. United States*, 761 F.3d 33, 38 (D.C. Cir. 2014), citing *Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999), because such complaints are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Nevertheless, the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions. *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994); *Atherton*, 567 F.3d at 681–82 (noting that "even a pro

6

se complainant must plead factual matter that permits the court to infer more than the mere possibility of misconduct") (internal quotation marks and citation omitted).

## ANALYSIS

**I.    Plaintiff's negligence claim is time-barred.**

Plaintiff alleges that defendant was negligent because it failed to maintain a safe workplace environment and to "take the proper steps so as to avoid injury." Compl. at 4. She faults the District for the injuries she sustained when the map fell on her head in the classroom. *Id.* Defendant has moved to dismiss the negligence claim on the grounds that it is time-barred. Defs.' Mem. at 7.

"[A] federal court sitting in diversity looks to the state law to determine whether a cause of action based upon state law has expired." *A.I. Trade Fin., Inc. v. Petra Int'l Banking Corp.*, 62 F.3d 1454, 1458 (D.C. Cir. 1995), citing *Guaranty Trust Co. v. York*, 326 U.S. 99, 110 (1945). The District of Columbia "treat[s] statutes of limitations as procedural, and therefore almost always mandate[s] application of the District's own statute of limitations." *Id.*, citing *Namerdy v. Generalcar*, 217 A.2d 109, 113 (D.C. 1966) ("[A] limitation on the time of suit is procedural and is governed by the law of the forum."). Under District of Columbia law, an action for negligence must be brought within three years after the cause of action accrues. D.C. Code §12-301(8) (2009). "[W]here the fact of an injury can be readily determined, a claim accrues . . . at the time the injury actually occurs." *Mullin v. Wash. Free Weekly, Inc.*, 785 A.2d 296, 298 (D.C. 2001), quoting *Colbert v. Georgetown Univ.*, 641 A.2d 469, 472 (D.C. 1994) (en banc).

Here, since plaintiff's injury was apparent, her injury accrued on the date the map fell on her head – May 3, 2002. She had all of the information relevant to a negligence claim at the time of the incident: she knew she was at work when the map fell on her and that she had been injured

7

by it. Indeed, within four months of being struck by the map, she applied for, and was granted, benefits through ORM's Disability Compensation Program. Compl. at 3; *see also* Plaintiff's Exhibits [Dkt. # 1-2] at 9, 17 (documenting health care received by plaintiff with numerous references to the map as the cause of injury). Therefore, the three-year statute of limitations began to run on the date the injury occurred, and it had long-since expired when plaintiff filed this suit on April 4, 2017, sixteen years after the incident. Plaintiff's negligence action will therefore be dismissed.

**II.     Plaintiff's workers' compensation claim will be dismissed because it has already been litigated.**

A claim is precluded under the doctrine of *res judicata* "if there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction." *Havens v. Mabus*, 759 F.3d 91, 97–98 (D.C. Cir. 2014), quoting *Capitol Hill Grp. v. Pillsbury, Winthrop, Shaw, Pittman, L.L.C.*, 569 F.3d 485, 490 (D.C. Cir. 2009) (internal quotation marks omitted).

Whether an action involves the same claim or cause of action as in previous litigation turns on whether they share the same "nucleus of facts," *Drake v. F.A.A.*, 291 F.3d 59, 66 (D.C. Cir. 2002), quoting *Page v. United States*, 729 F.2d 818, 820 (D.C. Cir. 1984), not whether they rely on the same legal theory. *Page*, 729 F.2d at 820. Claim preclusion applies not only to decisions made by federal and state courts, but "equally when the issue has been decided by an administrative agency, be it state or federal." *Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104, 107–08 (1991); *see also United States v. Utah Constr. & Mining Co.*, 384 U.S. 394, 422 (1966) ("When an administrative agency is acting in a judicial capacity and [has] resolved disputed issues of fact

properly before it which the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply *res judicata* to enforce repose.").

Plaintiff seeks to adjudicate in this Court the same workers' compensation claim she pursued in a prior administrative proceeding in 2008. That proceeding, before the District's Administrative Hearings Division, resulted in a Compensation Order denying plaintiff's claim for relief and reinstatement of benefits. 2008 Compensation Order; *Paul*, 292 F.R.D. at 152. When the District of Columbia Court of Appeals affirmed that Compensation Order on May 4, 2009, it became a final, valid judgment on the merits by a court of competent jurisdiction. AHD 2009 Order at 1.

Subsequently, when plaintiff tried to mount another administrative appeal at the District's Administrative Hearing Division, the appeal was rejected on the basis that plaintiff was precluded from further litigation of her workers' compensation claim because it was "between the same parties concerning the same factual transaction." AHD 2009 Order at 2. Because plaintiff's current claim is against the same defendant as in the previous litigation – the District – and the claims arises out of the same nucleus of facts, that is, that she was wrongly denied disability compensation after she had been struck by the map, the doctrine of *res judicata* bars her claim in the present case. (citations omitted).

### III. Plaintiff failed to state claims under 42 U.S.C. § 1983 and other federal statutes.

To state a claim under 42 U.S.C. § 1983 for civil rights violations by the government, a plaintiff "must allege both (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that the defendant acted 'under color of' the law of a state, territory or the District of Columbia." *Hoai v. Vo*, 935 F.2d 308, 312 (D.C. Cir. 1991), citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970). The District may be held liable "only for

9

constitutional torts arising from 'action pursuant to official municipal policy.'" *Atherton*, 567 F.3d at 691, quoting *Triplett v. District of Columbia*, 108 F.3d 1450, 1453 (D.C. Cir. 1997). "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick v. Thompson*, 563 U.S. 51, 61 (2011).

As best as the Court can tell from plaintiff's pleadings, her section 1983 claim rests primarily on the assertion that the government of the District of Columbia violated her "fundamental right[] to meaningful access to [medical] treatment." Compl. at 2. But, as another court in this District held in plaintiff's previous action, "there is no such right under the Constitution." *Paul*, 819 F. Supp. 2d at 36, citing *Diaz v. Brewer*, 656 F.3d 1008, 1013 (9th Cir. 2011). Thus, plaintiff has failed to state a predicate constitutional violation.[2]

Plaintiff also fails to state claims under the other federal statutes cited in her complaint. While *pro se* litigants are held to less stringent standards than lawyers for pleading purposes, *Haines*, 404 U.S. at 520–21, "even *pro se* litigants . . . must comply with the Federal Rules of Civil Procedure," *Butler v. Cal. State Disbursement Unit,* 990 F. Supp. 2d 8, 8–9 (D.C. Cir. 2013), including Rule 8(a), which requires, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Here, plaintiff does not meet

---

2    Plaintiff also cryptically refers to a "lack of constitutional due process which is met by a fair and adequate hearing before a regularly established administrative agency or tribunal." Pl.'s Opp. at 6. "To prevail on a constitutional due process claim, a plaintiff first must show the existence of an interest protected by the Due Process Clause, and then must establish the government's failure to provide her with the process that she was due." *Yancey v. District of Columbia*, 991 F. Supp. 2d 171, 176 (D.D.C. 2013); *see also Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 538 (1985). Even if plaintiff could meet the first requirement by proving that she had "more than an abstract need or desire" and instead "a legitimate claim of entitlement to" the benefit, *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972), she could not meet the second part of the test. The long procedural history of plaintiff's quest for reinstatement of benefits described above shows that she has received the process which she is constitutionally due.

this minimum requirement with respect to these federal claims, as her pleadings simply contain quotes from various federal statutes without any statement showing that she is entitled to relief under them. *See* Compl. at 2.

## CONCLUSION

For the reasons stated, the Court will grant defendant's motion to dismiss under Rule 12(b)(6) on the grounds that plaintiff's negligence claim is time-barred, her workers' compensation claim is precluded under the doctrine of *res judicata*, and she failed to state any federal claims.

A separate order will issue.

AMY BERMAN JACKSON
United States District Judge

DATE: June 21, 2018